IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:08-CV-71-BR

| | |
|---|---|
| WILLIAM VANCE ELLIS, SR., Administrator of the Estate of Waylon Jennings Ellis; and the State of North Carolina, ex Rel. William Vance Ellis, Sr., Administrator of the Estate of Waylon Jennings Ellis, | )<br>)<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) ORDER<br>) |
| STEPHEN BUNN, in his individual and official capacities as Sheriff of Bladen County, ROBERT MARTIN, in his individual and official capacities as Jail Administrator of the Bladen County Jail, RICHARD MCEACHERN, in his individual and official capacity as a deputy in the Bladen County Sheriff's Office, GREG MARTIN, in his official capacity as County Manager for Bladen County, BLADEN COUNTY, NORTH CAROLINA, a Body Politic, and RLI INSURANCE COMPANY, surety for Stephen Bunn, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

This matter is before the court on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) by defendants Greg Martin and Bladen County ("the county defendants").[1] The motion has been fully briefed and is ripe for disposition.

I. PROCEDURAL AND FACTUAL BACKGROUND

Waylon Jennings Ellis ("Ellis") had a history of psychiatric illness and suicide attempts, and had recently been discharged from inpatient psychiatric treatment with prescribed psychotropic medications. (Am. Compl. ¶¶ 23-29.) On 10 April 2006, the date of his discharge, plaintiff called the Bladen County Sheriff's Department, told the dispatcher that Ellis "had threatened to kill

---

[1] Defendant Martin is the county manager for Bladen County, and is sued only in his official capacity. Additionally, although the caption of the county defendants' reply brief indicates that the "Bladen County Sheriff's Department" joins in the motion to dismiss, it is clear that the motion to dismiss is only brought on behalf of the county defendants.

himself," and asked "for a deputy to pick [Ellis] up." (Id. ¶ 30.) Ellis was arrested pursuant to a warrant, and upon his arrival at the Bladen County Jail, told defendant McEachern, a jailer employed by Bladen County Sheriff's Department, that he had recently "been hospitalized for a suicide attempt[,] . . . . was bipolar, and had been prescribed medication that was not in his possession" which he needed to take. (Id. ¶¶ 33-35.)

After admitting him to Bladen County Jail, jailers placed Ellis in a single holding cell, and checked on him every thirty minutes, as they did with all other inmates, but took "[n]o other precautionary measures . . . to monitor [Ellis'] mental or physical health." (Am. Compl. ¶¶ 37-38.) The jail staff did not attempt to obtain psychiatric treatment for Ellis, nor did they administer Ellis' prescribed medicines. (Id. ¶¶ 38-39.) Within one hour after being admitted to the jail, Ellis requested, and received, bed sheets. (Id. ¶ 40.) McEachern subsequently found "Ellis hanging from a bed sheet that he had wrapped around his neck and the bars inside of his cell." (Id. ¶ 41.) Although "[a]t least one responding officer, jailer, and/or deputy observed a faint heartbeat[,] . . . . [jail staff] did not make any immediate attempt to resuscitate Ellis because" the jail did not have a defibrillator, and no jailer could locate a CPR face mask, or similar equipment. (Id. ¶¶ 42-43.) The staff called Bladen County Emergency Medical Services ("EMS"), who arrived at the jail within four to ten minutes and administered CPR to Ellis, but Ellis did not regain consciousness, and was transported to Bladen County Hospital and pronounced dead. (Id. ¶¶ 44-45.)

Plaintiff William Vance Ellis Sr., duly appointed administrator of Ellis' estate, filed this action on 3 April 2008 in Bladen County Superior Court, asserting claims under 42 U.S.C. § 1983

2

and North Carolina state law.[2] Plaintiff amended his complaint as of right on 9 April 2008, and all defendants removed the action on 5 May 2008. The county defendants filed the instant motion to dismiss on 12 May 2008.

## II. DISCUSSION

A. Standard of Review

The purpose of a Rule 12(b)(6) motion "is to test the sufficiency of a complaint; importantly, a Rule 12(b)(6) motion does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999) (quotation and citation omitted). When a court reviews a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993), cert. denied, 510 U.S. 1197 (1994). However, while the court must accept the plaintiff's factual allegations as true, the court "need not accept the legal conclusions drawn from the facts" and "need not accept as true unwarranted inference, unreasonable conclusions, or arguments." Eastern Shore Mkts., Inc. v. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). As the Supreme Court has explained:

> While a complaint attacked by a rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the complaint's allegations are true.

Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). Therefore, a complaint will survive a Rule 12(b)(6) motion to dismiss if it sets forth "enough facts

---

[2] As to the county defendants, plaintiff has asserted a § 1983 claim, as well as state law claims of negligence and violation of the North Carolina constitution. (Compl., Counts 2, 5-6.) The county defendants have made no arguments as to the state constitutional claim, and the court will not address it.

3

to state a claim to relief that is plausible on its face." Id. at 1960.

Turning first to the county defendants' brief argument that the allegations of the complaint are insufficient to adequately plead his claims, (Br. Supp. Mot. at 5; Reply Supp. Mot. at 2), the court disagrees.

> To withstand a motion to dismiss under Rule 12(b)(6), [the] plaintiff[] must allege no more than one incident of misconduct, which [he has] done here. Likewise, [the] plaintiff[] need not detail the facts underlying [his] claims or plead the multiple incidents of constitutional violation necessary at later stages to establish the existence of an official policy or custom and causation. [The p]laintiff[] must only comply with the "usual requirements of notice pleading specified by the Federal Rules."

Gedrich v. Fairfax County Dept. of Family Services, 282 F. Supp. 2d 439, 472 (E.D. Va. 2003) (citing Jordan ex rel. Jordan v. Jackson, 15 F.3d 333, 337 (4th Cir. 1994).

1. *§ 1983 Claim*

The county defendants contend that they have "no liability for the Sheriff, his deputies, or his detention officers." (Br. Supp. Mot. at 3.) "A county may only be held liable [under § 1983] for acts for which the county has final policymaking authority." Little v. Smith, 114 F. Supp. 2d 437, 446 (W.D.N.C. 2000); see also McMillian v. Monroe County, 520 U.S. 781, 784 (1997) ("[A] local government is liable under § 1983 for its policies that cause constitutional torts."). Whether a county has final policymaking authority in a specific area is a question of state law. See City of St. Louis v. Praprotnik, 485 U.S. 112, 123 (1988). The key inquiry in determining whether a county may be liable for a sheriff's actions is how state law allocates power and responsibility. McMillian, 520 U.S. at 786; Knight v. Vernon, 214 F.3d 544, 552 (4th Cir. 2000); Little, 114 F. Supp. 2d at 446.

Plaintiff relies on N.C. Gen. Stat. § 153A-225 and contends that North Carolina imposes statutory duties on the county defendants "sufficient to confer liability . . . that is separate and

4

distinct from any liability conferred upon the Bladen County Sheriff." (Br. Opp. Mot. at 2.) That statute provides (in pertinent part) that "[e]ach unit that operates a local confinement facility shall develop a plan for providing medical care for prisoners in the facility." N.C. Gen. Stat. § 153A-225. Under N.C. Gen. Stat. § 153A-217(7), "'unit' . . . means a county or city." See also County of Guilford v. National Union Fire Ins. Co. of Pittsburgh, Pa., 108 N.C. App. 1, 4 (1992) (action by county against insurer for reimbursement of medical payments; noting that N.C. Gen. Stat. § 153A-225 "provide[s] that every county operating 'a local confinement facility shall develop a plan for providing medical care for prisoners in the facility.'").

The parties have not cited – and the court cannot find – any case law directly on point. But given that case law clearly "require[s] that a *county* provide emergency medical services to prisoners incarcerated in the county's jail and to pay for such services[,]" University of North Carolina v. Hill 96 N.C. App. 673, 675 (1990) (emphasis added), and that N.C. Gen. Stat. § 153A-225 further provides that the medical plan should be developed "in consultation with . . . the sheriff," the court finds that dismissal of plaintiff's § 1983 claim against the county defendants under Rule 12(b)(6) is not warranted.

Although the court agrees with the county defendants that the statute does not appear to place any specific duties on defendant Martin as the county manager, (Br. Supp. Mot. at 4-5),

> official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent" . . . . This does not mean that a plaintiff may not bring suit against both the governmental entity and its officer. Of course, judgment against the officer would be recovered from the governmental entity, and plaintiff may have but one recovery. Because . . . [the c]ounty is not immune from suit, . . . [Martin] is not immune in his official capacity.

McCoy v. Coker, 174 N.C. App. 311, 317-18 (2005) (citations and alteration in original omitted) (affirming trial court ruling that claims against county official may not be dismissed simply because

5

they are duplicative of claims against the county).

2. *Negligence Claim*

Plaintiff's negligence claim against the county defendants is based on alleged violations of N.C. Gen. Stat. §§ 153A-82, 153A-224, and 153A-225, and for the reasons stated *supra*, the court concludes that dismissal of this claim is not warranted to the extent that it is based on a violation of N.C. Gen. Stat. § 153A-225.  However, N.C. Gen. Stat. § 153A-224 provides only that the county must "pay the cost of emergency medical services" for its inmates: it is "custodial personnel" who must keep "informed of the prisoners' general health and emergency medical needs" and "secure emergency medical care" for prisoners.  Thus, it appears to the court that the county's liability under this statute is limited to payment for any medical services provided for inmates, and does not extend to actually obtaining medical care, which is the responsibility of "custodial personnel."  Compare Layman ex rel. Layman v. Alexander, 343 F. Supp. 2d 483, 492 (W.D.N.C. 2004) (denying summary judgment on state law negligence claim against a deputy sheriff in her official capacity where the plaintiff "allege[d] that [the defendant] . . . was negligent in failing to obtain medical care for the [p]laintiff" under N.C. Gen. Stat. § 153A-224(a)).

Additionally, N.C. Gen. Stat. § 153A-82 (in pertinent part) requires the county manager to "direct and supervise the administration of all county offices, departments, boards, commissions and agencies under the general control of the board of commissioners[; and] . . . . perform any other duties that may be required or authorized by the board of commissioners."  Significantly, it does not require the county manager to develop the medical care plan for county inmates as set forth in N.C. Gen. Stat. § 153A-225, nor has plaintiff alleged that the Bladen County board of commissioners delegated this duty to the county manager.  Accordingly, the court concludes that plaintiff's

negligence claim must be dismissed to the extent it relies on N.C. Gen. Stat. §§ 153A-82 and 153A-224.

## III. CONCLUSION

For the foregoing reasons, the county defendants' motion to dismiss is ALLOWED IN PART, and to the extent that the second count of the amended complaint alleges violations of N.C. Gen. Stat. §§ 153A-82 and 153A-224, such claim is DISMISSED.

This 18 August 2008.

                          W. Earl Britt
                          Senior U.S. District Judge

7

Case 7:08-cv-00071-BR   Document 18   Filed 08/18/08   Page 7 of 7